[NOTE. For subsequent proceedings by the plaintiff, see Blodget v. Brent, Case No. 1,553.]

---

BLODGET (WILSON v.). See Case No. 17,-792.

---

## Case No. 1,555.

### In re BLODGETT et al.

[10 N. B. R. (1874) 145.][2]

District Court, E. D. Michigan.

BANKRUPTCY—PARTNERSHIP—EXEMPTION.

1. An adjudication of bankruptcy against a copartnership operates in all cases as a dissolution, and thereafter it ceases to exist; hence, there being no firm in existence to receive the exemption allowed by the bankrupt law, nothing could be set apart as exempt property to the bankrupts as a firm.
[Cited in Re Melvin, Case No. 9,406; Re Corbett, Id. 3,220.]

2. Under the statutes of Michigan, the individual members of a firm are not entitled to a

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reprinted by permission.]

separate exemption of two hundred and fifty dollars out of the undivided partnership property.

[Cited in Re Handlin, Case No. 6,018; Re Boothroyd, Id. 1,652; Re Hughes, Id. 6,842.]

In bankruptcy.

This was on petition of Daniel B. Hibbard, Jr., assignee, for a decision and determination of claims of exemption by the bankrupts out of partnership property. The answers of the bankrupts need proofs. The claims of exemption are, first, of a separate exemption to each individual member of the firm, out of the partnership stock, of two hundred and fifty dollars in value; or, if not so entitled, then, second, of an exemption of a like amount to the firm as such.

Under the bankrupt law (section 14), the statute of Michigan governs in this respect. That statute (2 Comp. Laws, p. 1742, § 6101) is as follows: "The following property shall be exempt from levy and sale under execution or upon any other final process of a court; * * * 8th, the tools, implements, materials, stock, apparatus, team, vehicles, horses, harness, or other things, to enable any person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars."

The bankrupts were partners in trade, doing business as merchants; and before the bankruptcy they had made a voluntary assignment of all their stock in trade for the benefit of creditors, dissolved their copartnership, and ceased doing business. The marshal took possession of the stock in the hands of the voluntary assignee, and delivered the same to the assignee in bankruptcy. After the assignee in bankruptcy had taken possession, each of the bankrupts made a claim of exemption out of the stock to the value of two hundred and fifty dollars, or five hundred dollars in all. These claims were objected to and refused by the assignee; but the assignee, at the same time, selected and tendered to them jointly, as exempt, goods to the value of two hundred and fifty dollars, which they refused. These goods he afterwards sold under an order of court, and kept the proceeds separate from the general assets; and the present petition is by the assignee for leave to treat those proceeds as a part of the general assets, notwithstanding the claims of exemption set up by the bankrupts. An order for the bankrupts to show cause was made and served, and they appeared and answered thereto, reiterating their claims to exemptions as above stated.

LONGYEAR, District Judge. It is a well settled rule that an adjudication of bankruptcy against a copartnership operates in all cases as a dissolution, and that thereafter the firm has no existence for any purpose whatever, except for the purpose of closing up the affairs of the concern in the bank-

ruptcy court. In this case, however, we have the additional fact that the partnership had been dissolved, and had ceased to exist by the act of the partners themselves, before the bankruptcy proceedings were commenced. For both reasons, therefore, the firm had ceased to exist before the exemptions were claimed; and, there being no firm in existence to receive it, no exemptions could be allowed by the assignee to the bankrupts as a firm. The question, therefore, whether in any case where a firm continues in existence, the exemption laws of this state entitle it to an exemption out of partnership property, is not here involved.

The only question involved is, whether, under the Michigan statute, each individual member of a firm is entitled to a separate exemption of two hundred and fifty dollars as stock, out of the undivided partnership property.

I had never entertained any serious doubts upon this question, and had been of the opinion that the right here claimed did not exist; and I should have so disposed of this matter at the close of the argument, but for the fact that my attention had been called to two district court decisions holding the contrary doctrine. In re Young [Case No. 18,148] in the eastern district of Missouri, and In re Rupp [Id. 12,141] in the northern district of Ohio. Respect for the opinions of these learned judges induced me to hold the matter under advisement, for the purposes of reviewing my own opinion and examining the foundations upon which it rests. Upon such review and examination, however, I find my former opinion fully confirmed upon both principle and authority; and, without entering into any extended argument, it must suffice here to say that I find that the two decisions above named stand almost or quite alone upon that side of the question, while, on the contrary, the almost unbroken current of decision in the courts of states having exemption laws similar to those of Michigan is almost uniformly the other way, viz.: That there is no separate exemption to the individual members of a firm out of undivided partnership property. So held in Massachusetts (Pond v. Kimball, 101 Mass. 105), and in North Carolina (Burns v. Harris, 67 N. C. 140), and in Wisconsin (Wright v. Pratt, 31 Wis. 104); and is said to have been also so held in Kansas in a case reported in 9 Kan. 34, but which is not now before me. See, also, as bearing in the same direction, the following: 6 Allen, 427; 43 Ill. 300; 5 Cal. 244; 6 Cal. 165; 27 Cal. 418; 39 Cal. 665; 26 Wis. 579; and Amphlet v. Hibbard, decided by the supreme court of Michigan at April term, 1874, not yet reported [29 Mich. 298]. And in Re Hafer [Case No. 5,896] the learned judge of the district court for the eastern district of Pennsylvania, following the decisions of the state courts, held the same way.

The proposition maintained by these de-

cisions is based mainly upon the idea that the exemption here under consideration is several, personal, and individual, as well in regard to the property to which it applies, as to the right conferred; and also upon the impracticability of giving it the application here sought, growing out of the nature of partnership property, and the relations of partners to each other and to creditors. In Pond v. Kimball, supra, the supreme court of Massachusetts say: Property belonging to a firm cannot be said to be the separate property of either member of it. "He has no exclusive interest in it. It belongs as much to his partner as it does to him, and cannot in whole or in part be appropriated (so long as it remains undivided) to the benefit of his family. It may be wholly contingent and uncertain whether any of it will belong to him on the winding up of the business and the settlement of his separate account with the firm." And in Bonsall v. Comly, supra [44 Pa. St. 442], the supreme court of Pennsylvania shows the impracticability of either separate or joint exemptions in such cases. Thompson, J., delivering the opinion of the court at pages 447, 448, says: "It seems to me quite apparent that the execution or warrant against which the exemption may be claimed must be such as is levied on several property. To hold otherwise when the execution is joint and the levy is on joint property, would be to allow each one of the joint debtors to claim the exemption; and that would be, in a case like the present, where there are two in number, to exempt six hundred dollars" (the exemption there being stock, etc., of the value of three hundred dollars, instead of two hundred and fifty dollars, as here), "which the statute does not allow, or of three hundred dollars, which would be an exemption of one hundred and fifty dollars to each, which is as foreign to the statute as in the case of allowing six hundred dollars." And further on he repeats, "three hundred dollars cannot be set aside for the use of each debtor and his family; for this would exceed the statute, nor three hundred dollars to be divided, for that would be less than it allows." Much more might be said in support of the proposition, but time does not permit, neither do I consider it necessary. With great deference to those learned judges who have held the contrary, it seems to me too plain to require or admit of extended argument.

The attention of the court was called on the argument to two decisions of the courts of New York as being in favor of separate exemptions out of partnership property. One was Radcliff v. Wood, 25 Barb. 52. In that case the levy was upon a horse used in carrying on the firm business. The execution was for the separate debt of the partner claiming the exemption, and the levy was on his interest only, and the exemption was allowed. The question was not much discussed; the case was one of great hardship to the debtor; and the decision can hardly be given weight as against the numerous well-considered judgments to the contrary. It may be said to be an illustration of an old saying, "hard cases sometimes make bad law." The other case was Stewart v. Brown, 37 N. Y. 350. In that case the levy was upon a team of horses and harness, which were partnership property, and used to carry on the partnership business; and it was by virtue of an execution for a firm debt. The firm claimed the exemption, and it was allowed. That case is, therefore, not in point here, as will be readily seen. In that case, however, the court made this remark: "If each of the respondents had owned a pair of horses, both teams would have been exempt." As to that there is no doubt; and so in the present case, there is and can be no question that each of the bankrupts is entitled to the full exemption allowed by law out of his individual property. Whether they have individual property out of which they have had or may claim an exemption, was not made to appear in this case, neither does it become material in the view the court has taken of the question presented. In the opposite view, however, it would have been essential. If persons about to enter into copartnership would protect themselves against any apparent hardship in this regard, they must see to it that they retain sufficient property in their individual right to come within the protection of the exemption laws. By that means complete protection to themselves and their families is within their reach. It results that the claims of the bankrupts for exemption out of the property in question must be denied, and the prayer of the assignee's petition must be granted.

[NOTE. For proceedings to remove the assignee, see In re Blodget, Case No. 1,552.]